Michael A. McGill, SBN 231613
mmcgill@ferronelawgroup.com
Derek Thompson, SBN 350736
dthompson@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Dr., Suite 200
Westlake Village, CA 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

Attorneys for Plaintiff,
FRANCISCO HERNANDEZ

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO HERNANDEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LOS ANGELES, a public agency and/or municipal corporation; and DOES 1 THROUGH 10,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT AND UNPAID COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

PRELIMINARY STATEMENT

1.　Plaintiff is a firefighter employed by Defendant County of Los Angeles ("County"). Despite years of service, he has been compensated at an inappropriately low step rate, resulting in underpayment of overtime wages in violation of federal law. This is an action under 28 U.S.C. sections 2201 and 2202 and for unpaid overtime and other compensation, interest thereon, liquidated damages, costs of suit and reasonable attorney fees, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq*.

///

...

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred on this Court by 28 U.S.C. section 1331, 29 U.S.C. section 216(b), and 28 U.S.C. section 1337. This Court has subject matter jurisdiction pursuant to 29 U.S.C. sections 207 *et seq*. Venue lies within this district pursuant to 28 U.S.C. section 1391.

## PARTIES

3. Plaintiff Francisco Hernandez is and was, at all relevant times, a resident of the State of California employed by the Defendant as a firefighter.

4. Defendant County of Los Angeles is a public entity organized under the laws of the State of California. At all relevant times, Defendant acted through its officers, agents, and employees and is an employer within the meaning of the FLSA.

5. Defendant implemented an illegal compensation computation method, which undercounts Plaintiff's pay. Defendant's method of calculating Plaintiff's pay has resulted and continues to result in underpayment for overtime hours worked. Defendant permitted Plaintiffs to perform overtime work without proper compensation.

6. At all times herein concerned, DOES 1 through 10 inclusive, were officers, agents, and employees of Defendant County of Los Angeles. Said defendants were acting within the course and scope of their authority as such agents and/or servants and/or employees, with the permission and consent of their co-defendants, and each of them.

7. The true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to state the true names and capacities when the same have been ascertained.

8. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the Defendants, as well as those designated as a DOE is legally responsible in some manner for the events and happenings referred to, and legally caused injury and damages to the Plaintiff as hereinafter set forth.

///

# FACTUAL BACKGROUND

9. At all relevant times unless otherwise mentioned herein, Plaintiff was hired by Defendant as a firefighter.

10. On or about July 3, 2021, Plaintiff was hired by Defendant as a firefighter at Step 1.

11. On or about July 3, 2022, and annually thereafter, Plaintiff should have progressed to higher steps and had his hourly rate increased. Instead, Defendant consistently retained Plaintiff at Step 1 improperly. For several years, Plaintiff has not advanced to any higher pay step. As a result, he was underpaid both in base rate, overtime and regular rate, and therefore had his FLSA rights violated.

12. Consequently, Defendant failed to calculate and pay Plaintiff's overtime compensation based on the higher rate he should have received, resulting in underpayment of overtime wages.

13. Plaintiff has worked numerous overtime shifts during the relevant period—totaling about 146—and each was paid at an improper rate.

14. Defendant's continuing failure to properly compensate Plaintiff is not in good faith and is a willful violation of the FLSA as it applies to employees of local governments.

15. As a result of the foregoing violations of FLSA, Plaintiffs seek damages for unpaid overtime, interest thereon, liquidated damages, costs of suit and reasonable attorney fees.

# FIRST COUNT

*Violation of the Fair Labor Standards Act (29 U.S.C. § 201, et seq.)*

16. Plaintiff hereby incorporates by reference paragraphs 1 through 15 in their entirety and restates them here.

17. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

18. Defendant was obligated under the FLSA to pay Plaintiff all overtime compensation at a rate not less than one and one-half times the correct regular rate of pay.

///

19. By consistently retaining Plaintiff at a lower pay step and thereafter failing to adjust his overtime compensation accordingly, Defendant underpaid Plaintiff's overtime wages, in violation of 29 U.S.C. § 207.

20. At all relevant times, the City has been aware of the provisions of the FLSA. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully and without justification withheld by the Defendant from Plaintiff for which Defendant is liable pursuant to 29 U.S.C. sections 216(b), together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees and the costs of this action.

21. The employment and work records for the Plaintiff are in the exclusive possession, custody and control of Defendant, and the Plaintiff is unable to state at this time the exact amounts owing to him. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests from the Court the following relief:

1. A declaratory judgment declaring that COUNTY OF LOS ANGELES has willfully, unreasonably, wrongfully, and without good faith, violated its statutory and legal obligations, and deprived Plaintiff of his rights, protections and entitlements under federal law, as alleged herein;
2. An order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled;
3. Judgment against the COUNTY OF LOS ANGELES awarding Plaintiff monetary damages in the form of three (3) years' back pay compensation, liquidated damages equal to his unpaid compensation, plus pre-judgment and post-judgment interest;
4. An award of reasonable attorneys' fees, as well as costs and disbursement of this action; and
5. An award granting such other further relief as the Court deems proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully requests a trial by jury on all claims presented in this Complaint.

Respectfully submitted,

Dated: February 21, 2025

FERRONE LAW GROUP

By: _____
Michael A. McGill
Derek Thompson
Attorneys for Charging Party
FRANCISCO HERNANDEZ