Danny Y. Yoo, Bar No. 251574
dyoo@lcwlegal.com
John Z. LaCrosse, Bar No. 334497
jlacrosse@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045
Telephone: 310.981.2000
Facsimile: 310.337.0837

Attorneys for Defendant COUNTY OF LOS ANGELES

Michael A. McGill, Bar No. 231613
mmcgill@ferronelawgroup.com
Derek Thompson, Bar No. 350736
dthompson@ferronelawgroup.com
FERRONE LAW GROUP
4333 Park Terrace Drive, Suite 200
Westlake Village, Ca 91361
Tel: 805.373.5900
Fax: 818.874.1382

Attorneys for Plaintiff FRANCISCO HERNANDEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FRANCISCO HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public agency and/or municipal corporation; and DOES 1 through 10,,<br><br>Defendants. | Case No.: 2:25-cv-01501-PA-SK<br><br>Complaint Filed: February 25, 2025<br><br>**JOINT MOTION FOR APPROVAL OF CONDITIONAL FLSA SETTLEMENT AGREEMENT AND DISMISSAL OF ACTION WITH PREJUDICE** |
|---|---|

## I.    INTRODUCTION

Plaintiff Francisco Hernandez ("Plaintiff") and Defendant County of Los Angeles ("County") (collectively the "Parties") respectfully move this Court to approve their negotiated conditional Settlement Agreement and Release ("Settlement Agreement") and set an Order to Show Cause re Dismissal or a Status Conference re Settlement on or after July 14, 2025 for the matter *Francisco*

1

*Hernandez v. County of Los Angeles* (Case No. 2:25-cv-01501-PA-SK). Settlements with the County are conditional upon approval from the County's Claims Board. The approval process is currently underway and the County anticipates a decision will be made by July 7, 2025. In the interest of time and efficiency, the Parties' submit this Motion so that the Court and the County's approval processes can run concurrently.

As discussed more fully below, the Parties' conditional Settlement Agreement resolves a bona fide dispute between the Parties, provides for fair and reasonable compensation to Plaintiff based on the allegations set forth in the operative complaint and information discovered during the litigation, and is fair and reasonable in terms of the attorneys' fees and costs sought by Plaintiff's counsel in connection with pursuing this litigation. The Settlement Agreement, which is signed by Plaintiff and Defendant, is submitted to this Court as **Exhibit 1** to the Declaration of Danny Yoo ("Yoo Decl.")

## II. STATEMENT OF FACTS

### A. BACKGROUND

Plaintiff is currently employed as firefighter for the County. On February 25, 2025, Plaintiff filed *Francisco Hernandez v. County of Los Angeles* ("*Hernandez* Action") against the County in the United States District Court for the Central District of California, Case No. 2:25-cv-01501-PA-SK alleging, in a single cause of action, that the County failed to pay him base wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), because he was improperly kept at the "Step 1" salary level for several years instead of progressing to higher steps. (Dkt. No. 1.)

### B. THE PARTIES' SETTLEMENT EFFORTS

On April 7, 2025, the Parties began informal settlement negotiations to resolve the issues in the *Hernandez* action and avoid the potential uncertainty, expense, and delay of litigation. (Yoo Decl., ¶ 3.) The County's counsel provided

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 West Century Boulevard, 5th Floor
Los Angeles, California 90045

to Plaintiff's counsel that any settlement amount exceeding $20,000 required approval from the County's Claim Board ("County's Formal Approval Process"). (*Id.*) On May 14, 2025, the Parties agreed to fully resolve all claims in the *Hernandez* action for a certain settlement amount inclusive of Plaintiff's attorneys' fees and costs, and subject to the condition that the Settlement Agreement must be reviewed and approved through the County's Formal Approval Process. (*Id.*)

### C. RELEVANT TERMS OF THE CONDITIONAL SETTLEMENT AGREEMENT

The Parties memorialized the agreed upon terms in a long-form Settlement Agreement. As a result of the effort summarized above, the Parties agreed to settle this matter for a total settlement amount of $27,000, subject to review and approval through the County's Formal Approval Process. This total settlement amount includes all amounts to be paid by the County to Plaintiff for unpaid base wages, overtime, liquidated damages, interest, attorneys' fees, and costs to resolve this *Hernandez* action. (Yoo Decl., ¶ 4.) Key details of the settlement terms are as follows:

**1.** The County agrees to pay Plaintiff a total amount of $17,003.00. This total payment represents unpaid base wages, overtime, and liquidated damages.

**2.** Plaintiff agrees to release all overtime claims against the County under any legal theory relating to or arising from this *Hernandez* Action under the FLSA.

**3.** The County will pay $9,997.00 for Plaintiff's reasonable attorneys' fees and costs.

**4.** The Settlement Agreement is contingent upon the approval of its terms and conditions by the County's Formal Approval Process, which occurs after the execution of the Agreement by Plaintiff

and takes several or more months to complete. The County agrees to use its best efforts to expedite the process.

(See **Exhibit 1** to Yoo Decl.)

Prior to executing the above-referenced release, Plaintiff had a full and fair opportunity to consult with Plaintiff's Counsel. (Thompson Decl., ¶ 8.) Plaintiff voluntarily agreed to accept the terms of the Settlement Agreement and execute the "Settlement Agreement and General Release." (*Id*.)

### III. LEGAL STANDARD FOR SETTLEMENT OF FLSA CLAIMS

Overtime and back wage claims under the FLSA can be settled or compromised under the supervision of either the U.S. Secretary of Labor or the District Court. (*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).) Hearings on the fairness of FLSA settlements are normally not evidentiary hearings. (*Yue Zhou v. Wan's Restaurant*, No. C 05-0279, 2007 U.S. Dist. LEXIS 3405, at *2 (N.D. Cal. Jan. 17, 2007).)

When an employee brings a private action for violation of the FLSA and presents a proposed settlement to the Court, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. (*Lynn's Food Stores, Inc.*, 679 F.2d at 1353.) If the proposed settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." (*Id.* at 1354.)

To approve an FLSA settlement, the Court must first find that the case involves a bona fide dispute. (*Slezak v. City of Palo Alto*, 2017 U.S. Dist. LEXIS 96900, *4 (N.D. Cal. 2017). A bona fide dispute exists when there are legitimate questions about the existence and extent of Defendant's FLSA liability. (*Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016). Where the bona fide dispute requirement is satisfied, the Court must then find that the settlement is fair and reasonable. (*Slezak*, 2017 U.S. Dist. LEXIS 96900 at *7.)

To determine whether a settlement is fair and reasonable, the Court looks to the totality of the circumstances and the purposes of the FLSA, using the following factors: (1) the plaintiff's range of possible recovery; (2) the stage of proceedings and amount of discovery completed; (3) the seriousness of the litigation risks faced by the Parties; (4) the scope of any release provision in the settlement agreement; (5) the experience and views of counsel and the opinion of participating plaintiffs; and (6) the possibility of fraud or collusion. (*Slezak*, 2017 U.S. Dist. LEXIS 96900 at *8; *Selk*, 159 F. Supp. 3d at 1173.) Finally, the Court must evaluate whether the award of attorney's fees and costs is reasonable. (*Slezak*, 2017 U.S. Dist. LEXIS 96900 at *15.)  If, after considering all these factors, the Court determines that the settlement reflects a reasonable compromise over issues that are actually in dispute and the attorney's fees and costs award is reasonable, the Court may approve the settlement in order to promote the policy of encouraging settlement of litigation. (*Id.*)

## IV.  THE SETTLEMENT AGREEMENT SHOULD BE APPROVED BECAUSE IT IS A FAIR AND REASONABLE COMPROMISE OF DISPUTED CLAIMS

In order to approve the settlement in the instant case, the Court must find that (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is fair and reasonable, and (3) the award of attorneys' fees and costs are reasonable.

### A.  BONA FIDE DISPUTE OF CLAIMS

There is a bona fide dispute between the Parties regarding legitimate questions over whether the County has any FLSA liability and the extent of the County's FLSA liability.  First, the County contends that Plaintiff's Complaint concerning the County's alleged step progression failure does not give rise to an FLSA violation, but rather should have been alleged as a labor-related grievance, as the underlying issue is whether Plaintiff was placed at the correct Salary Step, not whether the County improperly withheld overtime wages.  (Yoo Decl., ¶ 5.)  On the

other hand, Plaintiff contends that his allegations give rise to an FLSA cause of action. (Thompson Decl., ¶ 4.)

Second, there is a dispute on whether the County acted in good faith, whether there was a willful violation of the FLSA, whether a two- or three-year statute of limitations should apply if the Court finds FLSA liability, and whether liquidated damages should be awarded. (Yoo Decl., ¶ 6.) The County contends that it acted in good faith and did not willfully violate the FLSA, as demonstrated by the County's actions of promptly advancing Plaintiff to a higher step level and providing Plaintiff back pay and overtime in the amount of $39,139.13 when Plaintiff first notified the County of this matter. (*Id.*) On the other hand, Plaintiff contends that the County did not act in good faith. (Thompson Decl., ¶ 4.)

As a result, a bona fide dispute exists between the parties. (Yoo Decl., ¶¶ 5-6; Thompson Decl., ¶ 4.)

### B. THE SETTLEMENT AMOUNT IS FAIR AND REASONABLE

A district court evaluates a plaintiff's range of potential recovery to ensure that the settlement amount bears some reasonable relationship to the true settlement value of the claims. (*Selk*, 159 F. Supp. 3d at 1174.) The settlement amount need not represent a specific percentage of the maximum possible recovery. (*Id.*) But in comparing the amount proposed in the settlement with the amount the plaintiff could have obtained at trial, the court must be satisfied that the amount left on the settlement table is fair and reasonable under the circumstances presented. (*Id.*)

To calculate back pay owed, the County reviewed payroll and timekeeping data to determine Plaintiff's regular and overtime hours for the period from July 15, 2022 through January 13, 2025, during which Plaintiff alleges he should have been placed at a higher salary step. (Yoo Decl. ¶ 7.) Based on these calculations, the County provided Plaintiff a payment $39,139.13 ($22,616.12 for regular hours worked and $16,523.01 for overtime hours worked) prior to his filing the

*Hernandez* action, which represents the total regular and overtime wages he alleges he was owed during the period in question. (*Id.*) If Plaintiff were to prevail on all disputed issues, then Plaintiff's liquidated damages could reach $39,139.13. However, if the County were to prevail on the disputed issues concerning whether it has any FLSA liability concerning Plaintiff's allegations, Plaintiff's damages could be significantly reduced or eliminated altogether. The Parties compromised and agreed upon a total settlement payment of $27,000.00. The Parties reasonably believe that under the Settlement Agreement Plaintiff will receive an amount within the range of a reasonable result that he could expect to recover if the matter were to proceed to trial. (Yoo Decl., ¶ 8; Thompson Decl., ¶ 12.)

### C. THE STAGE OF PROCEEDINGS AND AMOUNT OF DISCOVERY COMPLETED

The Court must assess the stage of the proceedings and the amount of discovery completed to ensure the Parties have an adequate appreciation of the merits of the case before reaching a settlement. (*Selk*, 159 F. Supp. 3d at 1177.) So long as the Parties have sufficient information to make an informed decision about settlement, this factor will weigh in favor of approval. (*Id.*)

Here, the Parties reached an agreement after carefully considering and analyzing the information exchanged between them. (Yoo Decl., ¶ 9.) Although the Parties did not engage in formal discovery, they informally exchanged information about back pay and overtime owed. Given the information exchanged between the Parties and the investigation into Plaintiff's claims, the Parties' decision was informed and carefully considered. (*Id.*)

### D. THE SERIOUSNESS OF THE LITIGATION RISKS FACED BY THE PARTIES WEIGHS IN FAVOR OF APPROVAL

Both Parties face litigation risk if the settlement is not approved. (Yoo Decl., ¶ 10; Thompson Decl. ¶ 10.) For instance, the Parties dispute whether Plaintiff's allegation gives rise to a cause of action under the FLSA. (Yoo Decl. ¶ 5.) The

7

Parties dispute whether Plaintiff can recover for a two-year period or a three-year period. (Yoo Decl. ¶ 6.) Further, if there were to be a finding of FLSA liability at trial, there is significant risk that a jury could award a lesser recovery of liquidated damages than the amount sought by Plaintiff. (*Id.*) Moreover, Plaintiff may also be limited in his recovery if the County proves it acted in good faith and that its underpayment of wages was not willful. (*Id.*) Thus, Plaintiff risks losing some recovery if disputed issues are adjudicated in Defendant's favor. Likewise, the County risks facing further liability if disputed issues are adjudicated in Plaintiff's favor. (Yoo Decl., ¶ 10; Thompson Decl. ¶ 10.)

### E. THE SCOPE OF ANY RELEASE PROVISION IN THE SETTLEMENT AGREEMENT

Courts review the scope of any release provision in a FLSA settlement to ensure that plaintiffs are not pressured into forfeiting claims. (*Selk*, 159 F. Supp. 3d at 1178.) A release provision that generally tracks a plaintiff's wage and hour claims without requiring the plaintiff to waive unrelated claims will weigh in favor or approval. (*Id.*) Expansive release of claims would allow employers to unfairly extract valuable concessions from employees using wages that they are guaranteed by statute. (See *Moreno v. Regions Bank,* 729 F.Supp.2d 1346, 1351 (M.D. Fla. 2010) ("An employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is otherwise unconditionally entitled.").)

Here, the release covers claims "relating to the LAWSUIT against the COUNTY under the FLSA in regard to overtime pay that may exist or have existed during the Relevant Statutory Period, including all claims made in the LAWSUIT for unpaid wages, overtime, liquidated damages, interest, and attorneys' fees and costs, and PLAINTIFF hereby fully, finally, and completely releases, waives, and discharges the COUNTY from any further claims under the FLSA that have occurred during the applicable Relevant Statutory Period ("RELEASED

CLAIMS"). (Exhibit 1 to Yoo Decl.) The Parties share a further understanding that only those claims arising from or attributable to Plaintiff's claims in the *Hernandez* action are being released. In fact, the release itself confirms that "The PARTIES understand that this release does not include claims relating to conduct or activity that does not arise from or is not attributable to PLAINTIFF'S FLSA overtime claims." (*Id.*) Such a narrowly tailored and carefully drawn release, coupled with the Parties' shared understanding, favors approval of settlement.

### F. THE EXPERIENCE AND VIEWS OF COUNSEL

In determining whether a settlement is fair and reasonable, the opinions of counsel should be given considerable weight both because of counsel's familiarity with the litigation and previous experiences with cases. (*Selk*, 159 F. Supp. 3d at 1176.) Parties that are represented by competent counsel are in a better position than courts to produce a settlement that fairly reflects each party's expected outcome in litigation. (*Id.*)

Here, both Parties are represented by experienced labor and employment attorneys, who have litigated numerous FLSA cases and advised clients on FLSA matters. (Yoo Decl. ¶ 2; Thompson Decl. ¶ 2.) Counsel for both parties assert that the individual amounts are fair and reasonable based on the damage calculations, the cost of further litigation, and the risk of an adverse verdict at trial. (Yoo Decl., ¶ 12; Thompson Decl., ¶ 12.)

### G. THERE IS NO EVIDENCE OF FRAUD OR COLLUSION

There is no evidence that the Parties or their counsel colluded or pursued their own self-interests in reaching settlement. The settlement negotiations were at all times at arms-length. Moreover the settlement amount was not arbitrary but calculated based on objective documentation, including time records and wage statements. (Yoo Decl., ¶¶ 3-4; Thompson Decl., ¶ 6.)

### H. PLAINTIFF'S ATTORNEYS' FEES ARE REASONABLE

"The court in [an FLSA] action shall, in addition to any judgment awarded to

the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. (29 U.S.C. § 216(b).)

Here, the Parties' Settlement Agreement provides that, of the total settlement payment, $9,997.00 has been designated in attorneys' fees and costs. Because the Parties stipulated to the above fees and costs in an attempt to resolve the dispute expediently and with the Plaintiff's best interest in mind, Plaintiff's attorneys' fees are reasonable. (Yoo Decl., ¶ 11; Thompson Decl., ¶ 11.)

## V. CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court grant their Joint Motion to Approve the Settlement Agreement and dismiss this lawsuit in its entirety with prejudice once the County of Los Angles Claims Board approves the Settlement Agreement.

Dated: June 23, 2025          LIEBERT CASSIDY WHITMORE

                              By: */s/ Danny Y. Yoo*
                                  Danny Y. Yoo
                                  John Z. LaCrosse
                                  Attorneys for Defendant
                                  COUNTY OF LOS ANGELES

Dated: June 23, 2025          FERRONE LAW GROUP

                              By: */s/ Derek Thompson*
                                  Michael A. McGill
                                  Derek Thompson
                                  Attorneys for Plaintiff
                                  FRANCISCO HERNANDEZ